IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 26-cv-03470-CYC

C.M.,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Aurora Contract Detention Facility;
GEORGE VALDEZ, in his official capacity as Field Office Director, Denver, U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security;
DAVID J, VENTURELLA, in his official capacity Acting Director, U.S. Immigration and Customs Enforcement;
TODD BLANCHE, in his official capacity as Acting Attorney General of the United States,

Respondents.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the petitioner's Verified Petition for Writ of Habeas Corpus ("Petition"). ECF No. 1. The petitioner has been in immigration detention since February 13, 2025. *Id.* ¶ 2. She has never had a bond hearing. *Id.* ¶ 6. On March 11, 2026, an immigration judge ordered her removed but then granted her deferral of removal to Sudan under the Convention Against Torture. *Id.* ¶ 32; *see also* ECF No. 2 at 3–17 (Order of the Immigration Judge). The petitioner previously filed a writ of habeas corpus that was denied without prejudice because Judge Sweeney determined that the petitioner's order of removal was final, her detention was controlled by 8 U.S.C. § 1231, and her petition was

therefore premature. *C.M. v. Baltazar*, No. 26-cv-02561-CNS, 2026 WL 1862034 (D. Colo. June 29, 2026).

In the instant matter, respondents elected not to file a substantive response. ECF No. 20. They urge the Court to apply *res judicata* and comity principles to find that the petitioner's detention is controlled by § 1231, but otherwise do not submit "a brief in opposition to the Petition," "recogniz[ing] that the Court may then decide to grant the Petition and award appropriate relief," which they submit "would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security." *Id.* at 3–4. But subsequent to Judge Sweeney's decision, the Tenth Circuit found that "there [wa]s no final order of removal" pertaining to the petitioner because the Department of Homeland Security had appealed the immigration judge's order granting deferral of removal. *See* ECF No. 21-1 at 2. The Tenth Circuit's finding was pursuant to a joint motion to dismiss the petitioner's immigration appeal, and the respondents' position here that § 1231 is the governing detention statute is directly at odds with their position there, as well as in at least two other cases in this district with materially similar facts. *See* ECF No. 1-2 at 65–67, *Vital v. Baltazar*, No. 26-cv-01625-NYW, ECF No. 10, Motion to Withdraw Response to Order to Show Cause (D. Colo.); ECF No. 1-2 at 69–88, *O.M. v. Blanche*, No. 26-cv-02113-DDD-STV, ECF No. 39, Response to Amended Petition for Writ of Habeas Corpus and Order to Show Cause (D. Colo.).

Based on the foregoing, the petitioner's detention is governed by 8 U.S.C. § 1226(c), not § 1231. *See, e.g.*, *A.T. v. Baltazar*, No. 26-cv-00925-NYW, 2026 WL 962595, at *1 n. 3 (D. Colo. Apr. 9, 2026). Section 1226(c) mandates detention during removal proceedings for noncitizens with certain criminal histories, but courts have upheld as-applied due process challenges to this statute when detention becomes unreasonably prolonged. *See, e.g., Black v.*

*Decker*, 103 F.4th 133, 149 (2d Cir. 2024); *German Santos v. Warden Pike Cnty. Corr. Fac.*, 965 F.3d 203, 208 (3d Cir. 2020); *Martinez v. Ceja*, 760 F. Supp. 3d 1188, 1194 (D. Colo. 2024); *Daley v. Choate*, No. 22-cv-03043-RM, 2023 WL 2336052, at *3–5 (D. Colo. Jan. 6, 2023). Courts in this district typically apply a six-factor test to determine whether prolonged detention under § 1226(c) violates due process, *see, e.g., Martinez*, 760 F. Supp. 3d at 1193–96; *Daley*, 2023 WL 2336052, at *3–5; however, based on the lack of briefing in opposition to the Petition, the respondents have forfeited any argument that the petitioner's detention is lawful. Accordingly, the Court finds that the petitioner's detention violates due process under the Fifth Amendment.

Turning to the question of the appropriate relief, most courts in this district have ordered bond hearings before an immigration judge upon a finding that mandatory detention under § 1226(c) violates due process. *See, e.g., Martinez*, 760 F. Supp. 3d at 1196–97; *Daley*, 2023 WL 2336052 at *5; *Viruel Arias v. Choate*, No. 22-cv-02238-CNS, 2022 WL 4467245, at *5 (D. Colo. Sept. 22, 2022); *Singh v. Choate*, No. 19-cv-00909-KLM, 2019 WL 3943960, at *7 (D. Colo. Aug. 21, 2019). However, some courts have instead ordered release as a remedy for unconstitutionally prolonged detention under § 1226(c). *See, e.g., Magasouba v. Norris*, 546 F. Supp. 2d 153, 155 (D. Vt. 2008) (collecting cases); *Victor v. Mukasey*, No. 3:CV-08-1914, 2008 WL 5061810, at *5 (M.D. Pa. Nov. 25, 2008). And importantly, here, the respondents expressly agree with the petitioner that the "appropriate relief" is her release. ECF No. 20 at 4. In all events, as the respondents have forfeited any argument to the contrary, a bond hearing is unnecessary and unwarranted.

Accordingly, the petitioner will be released. ECF No. 1 at 51. Her belongings will be returned. *Id.* at 52. However, the Court disagrees with the petitioner that her release should not be subject to reasonable conditions set by the Department of Homeland Security. *See*

*A.T.*, 2026 WL 962595, at *7 n.8 (declining to award this additional relief). The exception is that the respondents shall not place the petitioner on GPS monitoring, which courts have held constitutes continued detention, *see, e.g., Batz Barreno v. Baltasar*, 816 F. Supp. 3d 1255, 1258 (D. Colo. Jan. 15, 2026) (collecting cases), unless she violates the terms of her release. In addition, although the petitioner asks for transport to her residence at the respondents' expense, ECF No. 1 at 52, she does not develop an argument as to why that measure is required. Other cases awarding such relief have involved interstate transport after the government moved the petitioner to Colorado from some other state, *see, e.g.*, *Ramírez-Francisco v. Bondi*, No. 1:26-cv-00488-SKC-NRN, 2026 WL 479057, at *3 (D. Colo. Feb. 20, 2026), but here, the petitioner's release plan is local. *See* ECF No. 2 at 57.

The Court likewise declines to preemptively enjoin the respondents "from re-detaining [the petitioner]" unless they provide her with a pre-deprivation bond hearing, ECF No. 1 at 52, as this request is "not supported by legal authority or developed argument." *A.T.*, 2026 WL 962595, at *7 n.8. Finally, the petitioner's requests regarding the procedures for third-country removal are outside the scope of relief available on this petition for writ of habeas corpus. *See, e.g.*, *Fadwa v. Lyons*, No. 25-cv-03660-PAB, 2025 WL 3525026, at *7 (D. Colo. Dec. 9, 2025).

There is a final matter. The petitioner requests attorneys' fees and costs. ECF No. 1 at 52. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the petitioner chooses to file a motion for attorney fees, it must comply with all

applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

For the foregoing reasons, it is hereby ORDERED that the Petition, ECF No. 1, is **GRANTED in part**.

It is further ORDERED that:

(1) The petitioner's prolonged detention under 8 U.S.C. § 1226(c) violates the Due Process Clause of the Fifth Amendment of the U.S. Constitution;

(2) The respondents shall **RELEASE** the petitioner on or before 5:00 p.m. on Monday, August 24, 2026. Her release may be subject to reasonable conditions imposed by the Department of Homeland Security, not to include the imposition of GPS monitoring;

(3) The respondents shall return any of the petitioner's belongings that are in their possession;

(4) The respondents shall file a status report within **seven days** of this ORDER informing the Court of petitioner's release and the return of her belongings;

(5) If the petitioner believes she has a good faith basis to file a petition requesting attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), she may file her petition in accordance with the deadlines and requirements set by the EAJA, 28 U.S.C. § 2412(d)(1)(A)–(B); *see Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) (holding that a court may award fees under the EAJA in habeas actions challenging immigration detention); *Morales Lopez v. Baltazar*, No. 25-cv-003078-WJM-KAS, 2026 WL 1492602 (D. Colo. May 28, 2026) (granting in part motion for EAJA fees and costs), that complies with the Local Rules of this District. *See* D.C.COLO.LCivR 54.3.

Dated: August 21, 2026

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge